IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRED WILSON, : | | |
| Petitioner : | No. 1:15-cv-00126 | |
| : | | |
| v. : | (Judge Kane) | |
| : | | |
| CAPTAIN S. SPAULDING, : | (Magistrate Judge Schwab) | |
| Respondent : | | |

**MEMORANDUM**

Before the Court is the Report and Recommendation of Magistrate Judge Schwab, recommending that the Court dismiss Petitioner Fred Wilson's petition for writ of habeas corpus (Doc. No. 30), and Petitioner's motion for preliminary injunction (Doc. No. 31). Upon review of the petition for writ of habeas corpus (Doc. No. 1), Magistrate Judge Schwab's Report and Recommendation, Petitioner's objections to the Report and Recommendation (Doc. No. 34), and Petitioner's motion for preliminary injunction, the Court will adopt the Report and Recommendation in its entirety, dismiss the petition for writ of habeas corpus, and deny Petitioner's motion for preliminary injunction.

**I.  BACKGROUND**

On December 23, 2005, the Philadelphia Police Department arrested Petitioner Fred Wilson for robbing a convenience store in Philadelphia, Pennsylvania. (Doc. No. 1 at 91.) At the time of the arrest, Petitioner was on parole from the Pennsylvania Department of Corrections. (Id. at 30, 91.) Consequently, Pennsylvania's Board of Probation and Parole ("the Parole Board") issued a warrant to commit and detain Petitioner for violation of his parole on December 23, 2005. (Id. at 30.) The Parole Board decided, on February 15, 2006, to detain Petitioner "pending disposition of criminal charges." (Id. at 31.)

1

The Parole Board also noted that the United States Attorney's Office had adopted the case and that a federal grand jury had returned a three-count indictment against Petitioner on November 30, 2006.  (See id. at 91.)  However, on December 4, 2006, the Philadelphia District Attorney's Office dismissed the charges against Petitioner.  (Id. at 91.)  The state parole violation detainer, though, remained in place.  (See Doc. No. 1 at 30-35.)

From January 17, 2006 to March 1, 2007, Petitioner was incarcerated at State Correctional Institution - Houtzdale ("SCI Houtzdale").  Appendix Attachments at 2-3, Wilson v. Roy, No. 13-73 (S.D. Tex. June 3, 2013).[1]  On March 1, 2007, pursuant to a writ of habeas corpus ad prosequendum, Petitioner was moved to Federal Detention Center - Philadelphia ("FDC Philadelphia") to appear for arraignment before the Eastern District of Pennsylvania.  (See Doc. No. 1 at 14-15.)  Petitioner remained detained at FDC Philadelphia until Judge Giles of the Eastern District of Pennsylvania sentenced Petitioner on August 27, 2008.  (See Doc. No. 1 at 3); Appendix Attachments at 47-48, Wilson v. Roy, No. 13-73 (S.D. Tex. June 3, 2013). Judge Giles sentenced Petitioner to a term of twelve years with credit given "for all federal custodial time served while awaiting disposition of this case."  Judgment as to Fred Wilson at 1-2, United States v. Wilson, No. 6-00677-1 (E.D. Pa. Aug. 28, 2008).

On September 3, 2008, Petitioner was moved from FDC Philadelphia to a state correctional institution to serve his state sentence as a technical parole violator.[2]  (See Doc. No. 1 at 3-4, 30-36, 42, 44, 91); Appendix Attachments at 47-48, Wilson v. Roy, No. 13-73 (S.D. Tex. June 3, 2013).  During this time, the Bureau of Prisons "decline[d] to accept the transfer of

---

[1] Petitioner Fred Wilson filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging the length of his sentence, in the Southern District of Texas on March 14, 2013. Wilson v. Roy, No. 2:13-CV-73, 2014 WL 2815345 (S.D. Tex. Jan. 23, 2014).

[2] On April 11, 2007 and again on June 9, 2009, the Parole Board decided to recommit Petitioner to a state correctional institution as a technical parole violator.  (Doc. No. 1 at 35-36.)

2

primary jurisdiction of [Petitioner] into [federal] custody until [Petitioner] completed all of his state obligations." (Doc. No. 1 at 42-43.) Petitioner was paroled on January 25, 2010, and the United States Marshals took Petitioner into custody on February 12, 2010 to commence his federal sentence. (See id. at 4, 10, 75); Appendix Attachments at 34, 47-48, Wilson v. Roy, No. 13-73 (S.D. Tex. June 3, 2013). On August 19, 2011, Judge Slomsky of the Eastern District of Pennsylvania resentenced Petitioner to a "total term of Ninety-Six (96) Months" with "credit [given] for Federal Custodial Time Served commencing January 24, 2010." Appendix Attachments at 52, Wilson v. Roy, No. 13-73 (S.D. Tex. June 3, 2013).

On January 20, 2015, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254. (Doc. No. 1 at 6.) Petitioner also filed a motion for summary judgment on April 6, 2015 (Doc. No. 13), a motion for appointment of counsel on April 16, 2015 (Doc. No. 21), and a motion pursuant to Federal Rule of Civil Procedure 60(b) on April 16, 2015 (Doc. No. 22). On September 15, 2015, Magistrate Judge Schwab issued a Report and Recommendation, recommending that the Court dismiss the petition for writ of habeas corpus and deny Petitioner's motion for summary judgment, motion for the appointment of counsel, and motion pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 30.)

Before the Court resolved the Report and Recommendation, Petitioner filed a motion for preliminary injunction on September 23, 2015. (Doc. No. 31.) Respondent Captain S. Spaulding has not responded to Petitioner's objections to the Report and Recommendation or to his motion for preliminary injunction. Below, the Court will address Petitioner's objections and motion for preliminary injunction in turn.

## II. LEGAL STANDARD

### A. Second or Successive § 2241 Petition

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(a) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). As such, the United States Court of Appeals for the Third Circuit has held that a district court may dismiss a successive § 2241 petition as an abuse of the writ pursuant to § 2244(a) "where the issues raised had been, or could have been, decided in a prisoner's previous habeas action in another district court." Henderson v. Bledsoe, 396 F. App'x 906, 907-08 (3d Cir. 2010) (citing Queen v. Miner, 530 F.3d 253, 255 (3d Cir.2008)); see Donelson v. Loretto, 566 F. App'x 111, 112 & n.2 (3d Cir. 2014) (applying the "abuse of the writ" doctrine to a successive § 2241 petition); Reyes-Vasquez v. Scism, 514 F. App'x 133, 136 (3d Cir. 2013).

### B. Preliminary Injunction

To issue a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a), the Court must evaluate: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the non-moving party; and (4) whether granting the preliminary relief will be in the public interest. United States v. Bell, 414 F.3d 474 (3d Cir. 2005). Although the Court must balance all four factors to determine whether it should order injunctive relief, as a practical matter, a "plaintiff's failure to establish any

element in its favor renders a preliminary injunction inappropriate." NutraSweet Co. v. Vit–Mar Enter., Inc., 176 F.3d 151, 153 (3d Cir. 1999). The movant bears the burden of establishing that each element weighs in his favor. P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC, 428 F.3d 504, 508 (3d Cir. 2005).

### III. DISCUSSION

In his petition for writ of habeas corpus, motion for preliminary injunction, and objections to Magistrate Judge Schwab's Report and Recommendation, Petitioner challenges the execution of his sentence pursuant to 28 U.S.C. § 2241. (Doc. Nos. 1 at 29; 31 at 1, 4; 34 at 6-7.) Petitioner claims that his time in federal prison has exceeded his 96-month federal sentence. (Id.) In essence, Petitioner contends that he should be given credit toward his federal sentence for the time he spent in state correctional institutions and FDC Philadelphia between his arrest on December 23, 2005 and January 24, 2010. (See Doc. No. 31 at 1.)

Magistrate Judge Schwab recommends that this Court dismiss the petition for writ of habeas corpus because Petitioner's claims are "barred by 28 U.S.C. § 2244(a) given that [Petitioner's] claim regarding the credit toward his federal sentence has already been determined by the United States District Court for the Southern District of Texas." (See Doc. No. 30 at 2.) The Court will first address Petitioner's objections to the Report and Recommendation and then turn to Petitioner's motion for preliminary injunction.

#### A. Petitioner's Objections to the Report and Recommendation

First, Petitioner objects to Magistrate Judge Schwab's finding that his § 2241 claim is barred under 28 U.S.C. § 2244(a). (Doc. No. 34 at 1-7.) Petitioner argues that the pending

habeas petition does not raise "the same claim[s] that w[ere] filed previous[ly] in the Southern District of Texas." (See Doc. No. 34 at 1, 7.)

As Magistrate Judge Schwab noted, the Third Circuit in Queen v. Miner concluded that "§ 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence." 530 F.3d 253, 255 (3d Cir. 2008) (quoting Valona v. United States, 138 F.3d 693, 695 (7th Cir.1998)). For example, in Henderson v. Bledsoe, the Third Circuit affirmed a district court's dismissal of a successive § 2241 petition directed at the same jail-credit claim because the "issues raised had been, or could have been, decided in a prisoner's previous habeas action in another district court." 396 F. App'x 906, 907-08 (3d Cir. 2010) (citing 28 U.S.C. § 2244(a)).

Here, on June 23, 2014, Judge Ramos of the Southern District of Texas adopted the following findings:

> Because Petitioner [Fred Wilson] was in the primary custody of the state when his federal sentence was imposed, and because his federal sentence must be considered to have been imposed to run consecutive to any state sentence, the BOP commenced Petitioner's federal sentence when Pennsylvania relinquished its priority and released him to federal custody on January 25, 2010, when he was paroled from his state sentence to the federal detainer. The BOP then correctly calculated Petitioner's sentence from January 24, 2010.

Wilson v. Roy, No. 13-73, 2014 WL 2815345, at *6 (S.D. Tex. Jan. 23, 2014) report and recommendation adopted, No. 13-73, 2014 WL 2815354 (S.D. Tex. June 23, 2014).[3] This

---

[3] Specifically, Petitioner points to the Pennsylvania legislature's repeal of 61 P.S. § 331.21(a) on August 11, 2009 as distinguishing the pending habeas petition from the earlier Southern District of Texas habeas petition. (See Doc. No. 34 at 1-7.) However, Judge Ramos addressed Petitioner's 61 P.S. § 331.21(a) arguments, compare Motion for Objections at 6, Wilson v. Roy, No. 13-73 (S.D. Tex. Mar. 11, 2014), with Wilson v. Roy, No. 13-73, 2014 WL 2815354, at **1-2 (S.D. Tex. June 23, 2014), and Petitioner argued in his unsuccessful appeal to the United States Court of Appeals for the Fifth Circuit that the repeal of 61 P.S. § 331.21(a) violated the Ex Post Facto Clause of the United States Constitution. Petition to Appeal the

finding parallels Judge Slomsky's August 19, 2011 amended judgment, stating that "[Petitioner] shall be given credit for Federal Custodial Time commencing January 24, 2010." Appendix Attachments at 52, Wilson v. Roy, No. 13-73 (S.D. Tex. June 3, 2013). Accordingly, Magistrate Judge Schwab did not err in finding that Petitioner's successive § 2241 claim is barred under 28 U.S.C. § 2244(a).

Alternatively, assuming arguendo that Petitioner's successive § 2241 were not barred under 28 U.S.C. § 2244(a), Petitioner also appears to object that Magistrate Judge Schwab did not address Petitioner's primary jurisdiction arguments. (See Doc. No. 34 at 8-9, 12.) Petitioner contends that federal authorities obtained primary jurisdiction over Petitioner when the state dismissed the armed robbery charges or when the Eastern District of Pennsylvania issued a writ of habeas corpus ad prosequendum. (Doc. Nos. 1 at 15; 31 at 3; 34 at 8-11.) Petitioner's objection lacks merit.

Under the doctrine of primary jurisdiction, "service of a federal sentence generally commences when the United States takes primary jurisdiction and a prisoner is presented to serve his federal sentence, not when the United States merely takes physical custody of a prisoner who is subject to another sovereign's primary jurisdiction." Elwell v. Fisher, 716 F.3d 477, 481 (8th Cir. 2013). Here, the Philadelphia Police Department arrested Petitioner on December 23, 2005 for armed robbery. (Doc. No. 1 at 91.) Therefore, on December 23, 2005, the Commonwealth of Pennsylvania obtained primary jurisdiction over the Petitioner. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005) ("As between the state and federal sovereigns,

---

District Court Order at 7-9, Wilson v. Roy, No. 14-40741 (5th Cir. Sept. 16, 2014). Thus, because Petitioner raised this claim in a prior § 2241 petition, Petitioner may not raise this claim again in another § 2241 petition. Perry v. Warden Fort DIX FCI, 609 F. App'x 725, 727 (3d Cir. 2015); Donelson v. Loretto, 566 F. App'x 111, 112 & n.2 (3d Cir. 2014).

primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person.").

Petitioner contends that "federal authorities obtain[ed] primary jurisdiction … when defendant were [sic] received through writ habeas corpus ad prosequendum." (Doc. Nos. 1 at 15; 34 at 9-10.) However, the Third Circuit has held that the "production of a defendant pursuant to a writ of habeas corpus ad prosequendum does not affect the jurisdiction of the sovereign with primary custody over a defendant." McNair v. Fairton, 611 F. App'x 749, 751 (3d Cir. 2015) (internal citations omitted). In other words, a writ of habeas corpus ad prosequendum does "not effect a transfer to federal custody." Seibles v. Thomas, 598 F. App'x 822, 823 (3d Cir. 2015) (internal citations omitted). Therefore, when Judge Giles of the Eastern District of Pennsylvania ordered the warden of SCI Houtzdale to produce Petitioner before the district court, the state maintained primary jurisdiction over the Petitioner. Appendix Attachments at 2-4, Wilson v. Roy, No. 13-73 (S.D. Tex. June 3, 2013).

Similarly, Petitioner argues that Pennsylvania relinquished primary jurisdiction over Petitioner when the Philadelphia District Attorney's Office dismissed the armed robbery charges against Petitioner on December 4, 2006. (See Doc. Nos. 31 at 3; 34 at 9-10.) "Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: (1) release on bail; (2) dismissal of charges; (3) parole; or (4) expiration of sentence." Davis v. Sniezek, 403 F. App'x 738, 740 (3d Cir. 2010) (internal citations omitted). Here, the state parole violation detainer remained in place and the state, thereby, maintained primary jurisdiction over Petitioner. (See Doc. No. 1 at 30-35); Appendix Attachments at 2-4, Wilson v. Roy, No. 13-73 (S.D. Tex. June 3,

8

2013); see, e.g., Coats v. Smith, No. 08-666, 2008 WL 5220210, at *3 (E.D. Cal. Dec. 12, 2008); Hawk v. Sherman, No. 06-300, 2008 WL 360897, at **4-6 (W.D. Pa. Feb. 8, 2008).

Therefore, Petitioner's argument that Pennsylvania relinquished primary jurisdiction over him when the Philadelphia District Attorney's Office dismissed the armed robbery charges or, alternatively, when the Eastern District of Pennsylvania issued a writ of habeas corpus ad prosequendum lacks merit. Accordingly, Magistrate Judge Schwab did not err in not addressing Petitioner's primary jurisdiction arguments.

### B.  Preliminary Injunction

In his motion for preliminary injunction, Petitioner asserts that he is entitled to a preliminary injunction because he is "currently 22 months beyond his term of imprisonment" and is "suffering irreparable and imminent harm everyday he remains incarcerated beyond his term of imprisonment." (Doc. No. 31 at 1.) Petitioner contends that the "only remedy can be an [e]mergency hearing and immediate release from custody." (Id. at 4.) As discussed above, although Petitioner argues that there is a likelihood that he will succeed on the merits, (Doc. No. 31 at 2-3), Petitioner's § 2241 claim is barred under 28 U.S.C. § 2244(a). E.g., Donelson, 566 F. App'x at 112 & n.2; Henderson, 396 F. App'x at 907-08. Therefore, the Court finds that Petitioner has failed to demonstrate a reasonable probability of success on the claims tied to the injunctive relief Petitioner seeks.[4]

---

[4] Out of an abundance of caution, the Court notes that, under 18 U.S.C. § 3585(b), the Bureau of Prisons may not credit the time Petitioner served in state custody between December 23, 2005 and January 24, 2010 because that time has been credited against Petitioner's parole sentence. Mills v. Quintana, 408 F. App'x 533, 535 (3d Cir. 2010) (citing 18 U.S.C. § 3585(b)). Here, the Parole Board credited the time Petitioner served in SCI Houtzdale and FDC Philadelphia, corresponding to the dates between Petitioner's December 23, 2005 arrest and his August 27, 2008 sentencing. See Appendix Attachments at 34-35, Wilson v. Roy, No. 13-73 (S.D. Tex. June 3, 2013). On September 3, 2008, Petitioner returned to a state correctional

As such, the Court need not decide whether Petitioner has demonstrated a right to relief under the other three preliminary injunction factors. See NutraSweet Co. v. Vit–Mar Enter., Inc., 176 F.3d 151, 153 (3d Cir. 1999); Penn Galvanizing Co. v. Lukens Steel Co., 468 F.2d 1021, 1023 (3d Cir. 1972). Because Petitioner has not met his burden, Petitioner's motion for preliminary injunction will be denied.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will adopt Magistrate Judge Schwab's Report and Recommendation, dismiss the petition for writ of habeas corpus, and deny Petitioner's motion for preliminary injunction. An order consistent with this memorandum follows.

---

institution and continued serving his parole sentence with a "new maximum date" of January 25, 2010. Id. at 34-35, 47-48. Therefore, under 18 U.S.C. § 3585(b), Petitioner may not receive credit toward his federal sentence for the period between December 23, 2005 and January 24, 2010 because this time was credited against the state parole violation. Vega v. United States, 493 F.3d 310, 323 (3d Cir. 2007).